UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMILY BARR, CAROLYN EARL,
RITA HANNA, MICHAEL WEBSTER,          Case No. 23-cv-10808

        Plaintiffs,          Hon.  Jonathan J.C. Grey

v.          Magistrate Judge David R. Grand

COREWELL HEALTH D/B/A
BEAUMONT HEALTH,

        Defendant.

_____

**Defendant's Motion to Stay Discovery Pending Resolution for Motion for
Judgment on the Pleadings**

Defendant Corewell Health, by its counsel, Kienbaum Hardy Viviano Pelton & Forrest, P.L.C., moves this Court for a stay of discovery pending resolution of Defendant's motion for judgment on the pleadings, and in support says:

1.      On April 7, 2023, Plaintiffs Emily Barr, Carolyn Earl, Rita Hanna, and Michael Webster sued their former employer Corewell Health ("Corewell") alleging religious discrimination because their requests for "religious" exemptions from Corewell's COVID-19 vaccine requirements were denied, leading to their subsequent departure from Corewell for failure to comply with policy.

2.      On November 21, 2023, Defendant filed a motion for judgment on the pleadings. As discussed in that motion, another court in this district recently dismissed nearly identical claims in a lawsuit filed by the same attorney on behalf of different employers against another medical provider.

3.      Plaintiffs have only recently served discovery, with the parties having attempted private resolution of this matter for the past several months. Plaintiff's counsel has filed hundreds of cases like this one against other Michigan employers, and has issued expansive discovery requests that are lengthy, excessive, and go far beyond the bounds of what is reasonable and proportional to the needs of the case—and for no good reason. Given the pending motion for judgment on the pleadings, discovery should be stayed. If granted in full, discovery is unnecessary. And if granted in part, the scope of discovery will be significantly altered.

6.     Corewell sought Plaintiffs' concurrence in this request for relief on November 17, 2023. Plaintiffs denied concurrence the same day, requiring the filing of this motion.

For these reasons and those explained in the accompanying brief, Corewell asks this Court to stay discovery pending resolution of its motion for judgment on the pleadings.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
Dated:  November 21, 2023          tdavis@khvpf.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EMILY BARR, CAROLYN EARL,
RITA HANNA, MICHAEL WEBSTER,                    Case No. 23-cv-10808

        Plaintiffs,                              Hon.  Jonathan J.C. Grey

v.                                              Magistrate Judge David R. Grand

COREWELL HEALTH D/B/A
BEAUMONT HEALTH,

        Defendant.

_____

**Defendant's Brief in Support of Motion for Stay of Discovery Pending
Resolution for Motion for Judgment on the Pleadings**

## Table of Contents

Page

Index of Authorities ................................................................ ii

Issues Presented ................................................................ iii

Introduction ................................................................1

Argument................................................................2

Conclusion ................................................................4

# Index of Authorities

<u>Page</u>

## Cases

*Falzone v. Scripps Media, Inc.*,
   Case No. 1:22-cv-00612 (W.D. Mich.) .................................................................3

*Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*,
   349 F.3d 300 (6th Cir. 2003) ........................................................................2

*Hahn v. Star Bank*,
   190 F.3d 708 (6th Cir. 1999) ........................................................................2

*Hoosier v. Liu*,
   2016 WL 6650386 (E.D. Mich. Nov. 10, 2016) ....................................................2

*Moore v. Auto Club Servs.*, No. 19-10403,
   2022 WL 16536216 (E.D. Mich. Oct. 28, 2022) ...................................................2

**Issues Presented**

Courts have broad discretion to stay discovery while dispositive motions are pending. Here, Corewell has filed a Motion for Judgment on the Pleadings which may moot discovery or at least narrow the appropriate scope of discovery. Should the Court stay discovery until it resolves the motion?

**Introduction**

This lawsuit is one of hundreds filed by the same law firm on behalf of different groups of plaintiffs against various Michigan employers. The lawsuits raise identical claims: that plaintiff's vague assertions of "religious" objections to the COVID-19 vaccine, rejected by their employers, allegedly reflects religious discrimination. Plaintiffs have filed an onerous set of discovery requests, totaling nineteen broadly-sweeping requests for production, eighteen interrogatories, and twenty-eight requests to admit. Ex. A, Barr Discovery Set. These appear to include the stock discovery requests that plaintiff's firm sends in its anti-vaccination cases; nearly everything in the current set was also sought in the discovery requests in another suit handled by undersigned's firm.[1] *See* Ex. B, *Falzone* Discovery.

As set forth in Corewell's contemporaneously-filed Motion for Judgment on the Pleadings under Rule 12(c), these claims fail as a matter of law. The resolution of Corewell's motion could render the discovery entirely moot, or at a minimum narrow the scope of discovery and avoid further disputes. A stay of discovery should be granted until the Rule 12(c) motion is granted.

---

[1] A review of these requests show they are not tailored to the facts of the particular case; for instance, one of the requests asks Corewell to "Admit that working remotely poses no threat of virus transmission to a coworker." Ex. A, Request to Admit 6. The Plaintiffs here were all healthcare workers—two registered nurses, a respiratory therapist, and a phlebotomist—who worked directly with patients; "remote work" is not conceivably at issue in this lawsuit.

## Argument

Trial courts have "broad discretion and inherent power to stay discovery until the preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Limitations "on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citation omitted). And a stay is also appropriate where the resolution of the motion could affect the appropriate scope of discovery, thus reducing unnecessary usage of resources. *See, e.g.*, *Moore v. Auto Club Servs.*, No. 19-10403, 2022 WL 16536216, at *3 (E.D. Mich. Oct. 28, 2022) (granting stay when dispositive motion might "greatly reduce" the scope of discovery and factfinding," or otherwise might "guide the party's discovery efforts and reduce the number of discovery issues"); *accord, e.g.*, *Hoosier v. Liu*, 2016 WL 6650386, at *1 (E.D. Mich. Nov. 10, 2016) (same; 12(c) motion).[2]

Under this authority, a stay of discovery is appropriate. Plaintiffs have filed extensive discovery requests, responses to which would be due December 11, 2023. Ex. A. But Corewell should not have to bear the cost and expense of responding to these requests while their very propriety is implicated by Corewell's pending Rule 12(c) motion. As that motion explains, other courts in this district have dismissed

---

[2] Unpublished cases are attached as Exhibit C to this motion.

nearly identical claims filed by the same counsel for failure to state a claim. Should this Court grant the same relief, discovery would be moot. At a minimum, the Court's ruling on the 12(c) motion will likely narrow or clarify the appropriate scope of discovery—and potentially mitigate or eliminate the sort of discovery disputes that will otherwise inevitably follow.

As noted, this is not the undersigned firm's first lawsuit with Hurwitz Law LLC raising nearly identical Title VII claims, with a substantially similar discovery set. In that case, the plaintiffs sought excessive and overbroad discovery related to "comparators," on a disparate-treatment theory. The court there denied the plaintiffs' motion to compel, as their disparate treatment theory was inappropriate and outside the scope of discovery. *Falzone v. Scripps Media, Inc.*, ECF Nos. 56, 65, Case No. 1:22-cv-00612 (W.D. Mich.). Yet despite that ruling and others like it, Plaintiffs have made similar demands for comparator evidence in this case. If this Court agrees—as several courts in this district now have—that Plaintiffs may not repackage their failure-to-accommodate claims as disparate treatment claims, this will resolve or eliminate the discovery disputes that will otherwise require motions practice and adjudication by this Court within the near future.

Nor would there be prejudice to Plaintiffs if the motion is granted; the discovery deadline is not until June 6, 2024. Moreover, Corewell would not object to an extension of the discovery deadlines equivalent to the time it takes the Court

to decide the motion; the current schedule permits that flexibility as trial is not scheduled until February 2025. The interests of judicial economy and the avoidance of a potential waste of time and resources warrants a stay of discovery.

### Conclusion

For the reasons stated, Corewell requests a stay of discovery until the Court has resolved Corewell's 12(c) motion.

Respectfully submitted,

KIENBAUM HARDY VIVIANO PELTON
& FORREST, P.L.C.

By: */s/Thomas J. Davis*
    Eric J. Pelton (P40635)
    Thomas J. Davis (P78626)
Attorneys for Defendant
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Dated:  November 21, 2023

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on November 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                             */s/ Thomas J. Davis*
                              Kienbaum Hardy
                               Viviano Pelton & Forrest, P.L.C.
                              280 N. Old Woodward Ave., Suite 400
                              Birmingham, MI  48009
                              (248) 645-0000
                              tdavis@khvpf.com
                              (P78626)

501202