Case 2:23-cv-10808-JJCG-DRG ECF No. 14-4, PageID.352 Filed 11/21/23 Page 1 of 6

Hoosier v. Liu, Not Reported in Fed. Supp. (2016)

**EXHIBIT C**

2016 WL 6650386
Only the Westlaw citation is currently available.
United States District Court, E.D. Michigan, Southern Division.

Dwayne HOOSIER, Plaintiff
v.
Wendy LIU, et al., Defendants.

Case No. 2:16-10688
|
Signed 11/10/2016

**Attorneys and Law Firms**

Dwayne Hoosier, New Haven, MI, pro se.

Carly A. Van Thomme, Ronald W. Chapman, Chapman Law Group, Troy, MI, Allan J. Soros, Michigan Department of Attorney General, Lansing, MI, for Defendants.

### ORDER GRANTING AS UNOPPOSED DEFENDANTS' MOTION TO STAY DISCOVERY ON ALL ISSUES EXCEPT PLAINTIFF'S EXHAUSTION OF ADMINISTRATIVE REMEDIES (DE 27) AND SETTING DEADLINES FOR SIMILAR DISPOSITIVE MOTIONS

Anthony P. Patti, UNITED STATES MAGISTRATE JUDGE

**\*1** This matter is before the Court for consideration of the motion by Defendants Wendy Liu, N.P., Shi-Yu Tan, MD, Rickey Coleman, M.D., Steven Bergman, M.D., Badawi Abdellatif, MD, and Kim Farris (collectively "the moving Defendants") to stay discovery on all issues except whether Plaintiff exhausted his administrative remedies. (DE 27.) For the reasons that follow, the moving Defendants' motion is **GRANTED AS UNOPPOSED**.

### I. BACKGROUND
Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings this lawsuit under 42 U.S.C. § 1983, alleging claims of deliberate indifference to his medical needs, leading to a diagnosis of ulcerative colitis and complications from medications prescribed to him. (DE 1.) He names eleven Defendants in his complaint, one of which is listed as Jane Doe, and all appear to be medical professionals who treated him during his various illnesses. To date, seven of the eleven Defendants have been served and filed an answer on May 26, 2016. (DE 22.)

The moving Defendants filed this motion to stay discovery on July 21, 2016. (DE 27.) In the motion, those Defendants ask the Court to stay discovery on all matters except whether Plaintiff has exhausted his administrative remedies until the Court resolves a motion for "partial summary judgment on the pleadings" pursuant to Fed. R. Civ. P. 12(c) filed by Defendants Bergman, Coleman, Liu and Tan. (DE 26.) I issued an order on July 22, 2016 which required Plaintiff to respond to the motion to stay and the motion for summary judgment by September 6, 2016. (DE 28.) Plaintiff submitted a response to the motion for partial summary judgment on the pleadings (DE 30), but did not respond to the motion to stay.

### II. ANALYSIS
The Rule 12(c) motion alleges that Plaintiff failed to exhaust his administrative remedies on all claims against Defendants Bergman, Coleman and Tan, and failed to exhaust his administrative remedies regarding most claims against Defendant Liu. The moving Defendants thus assert that judicial economy and efficiency are best served by staying discovery until the Rule 12(c) motion is resolved because granting that motion would clarify, and potentially reduce, both the number of viable claims and Defendants.

The Court expresses no opinion at this time on the merits of the Rule 12(c) motion. However, the Court agrees with the moving Defendants that staying discovery until the Rule 12(c) motion is resolved would be an efficient way to reduce or eliminate any unnecessary usage of resources. *See, e.g., Chavous v. Dist. Of Columbia Financial Responsibility and Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D. D. C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.' ") (quoting *Coastal States Gas Corp. v. Department of Energy,* 84 F.R.D. 278, 282 (D. Del. 1979)); *Cromer v. Braman*, 2007 WL 3346675, at \*1 (W.D. Mich. Nov. 7, 2007) (quoting *Chavous* and staying discovery pending resolution of dispositive motions based upon allegations that a *pro se* plaintiff failed to exhaust administrative remedies).

**\*2** Moreover, LR 7.1(e)(2)(B) requires a party to respond to a nondispositive motion within fourteen days. That deadline has passed without Plaintiff responding to the motion to stay, meaning the motion may be deemed unopposed.

Case 2:23-cv-10808-JJCG-DRG ECF No. 14-4, PageID.353 Filed 11/21/23 Page 2 of 6

Hoosier v. Liu, Not Reported in Fed. Supp. (2016)

For the foregoing reasons, the motion to stay discovery pending resolution of the Rule 12(c) motion (DE 27) is **GRANTED AS UNOPPOSED.** All discovery in this action shall be stayed pending the Court's resolution of the extant Rule 12(c) motion, except discovery related to the limited question of whether Plaintiff properly and fully exhausted his administrative remedies.

Additionally, the Court hereby orders that any and all additional dispositive motions based on failure to exhaust administrative remedies shall be filed on or before **December 9, 2016** or they shall be barred.

**IT IS SO ORDERED.**

Dated: November 10, 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 6650386

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

Case 2:23-cv-10808-JJCG-DRG ECF No. 14-4, PageID.355 Filed 11/21/23 Page 4 of 6

Moore v. Auto Club Services, Not Reported in Fed. Supp. (2022)

2022 WL 16536216
Only the Westlaw citation is currently available.
United States District Court, E.D.
Michigan, Southern Division.

Nancy MOORE, et al., Plaintiffs,
v.
AUTO CLUB SERVICES, et al., Defendants.

Case No: 19-10403
|
Signed October 28, 2022

**Attorneys and Law Firms**

Andrews Steven Nicholas, Liss, Seder & Andrews, P.C., Bloomfield Hills, MI, Rod M. Johnston, Jason J. Thompson, Sommers Schwartz, P.C., Southfield, MI, for Plaintiffs.

Andrew J. Kolozsvary, Dykema Gossett, Detroit, MI, Elaine Harding, Corbett, Kramer, Harding & Dombrowski, Detroit, MI, Melonie L. M. Stothers, Stephen E. Glazek, Michael Ryan Jarnagin, Barris, Sott, Denn & Driker, PLLC, Detroit, MI, Lori M. McAllister, Dykema Gossett, Lansing, MI, Thomas J. Dombrowski, Schoolmaster, Hom, Bloomfield Hills, MI, for Defendants.

## ORDER GRANTING MOTION FOR STAY OF DISCOVERY [#61]

DENISE PAGE HOOD, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

*1 Plaintiffs filed a 28 U.S.C. § 1332(d)(2) Class Action Complaint ("Complaint") on February 8, 2019, alleging that Defendants underpaid the proper amount of attendant care benefits owed to the members of the class under Subsection 3107(1)(a) of the Michigan Automobile No-Fault Insurance Act (the "Act"). Following the Court's orders on Defendants' motions to dismiss, one claim for unjust enrichment (Count III) remains before the Court. *See* ECF Nos. 41, 56.

On July 27, 2022, the Court issued a scheduling order for this matter. ECF No. 58. On September 21, 2022, Defendants filed a Motion for Partial Summary Judgment asking the Court to limit Plaintiffs' claims to the period on or after February 8, 2018 due to the statute of limitations. ECF No. 60. On September 22, 2022, Defendants filed a Motion for Stay of Discovery Pending Resolution of Defendants' Motion for Partial Summary Judgment ("Motion to Stay Discovery"). ECF No. 61. The parties have fully briefed the Motion to Stay Discovery.

### II. BACKGROUND

Plaintiffs currently have no-fault personal injury protection ("PIP") claims filed with Defendants and are receiving attendant care benefits. ECF No.1 at ¶35. Plaintiffs have been receiving these benefits at least since 2005. ECF No.1 at ¶¶15-17. Each of the Plaintiffs' attendant care benefits are being used to pay for family provided attendant care. ECF No.1 at ¶1. All allegations in the Complaint are based on Defendants' alleged "systematic underpayment of family provided/non-agency provided attendant care benefits ("Benefits") through the use of a series of reports [referred to as the "P&M Surveys" that] they [Defendants] falsely claimed were valid surveys of commercial agency payment rates for attendant care providers." ECF No.1 at ¶7. Plaintiffs filed this action on behalf of themselves and all others similarly situated, a number that is undefined at this time.

### III. ANALYSIS

In their Motion for Partial Summary Judgment, Defendants contend that a one-year statute of limitations applies to Plaintiffs unjust enrichment claim, such that any claims prior to February 8, 2018 would be barred and discovery should be limited accordingly. Plaintiffs counter that there is a six-year statute of limitations and has requested discovery back to February 8, 2013. The Court will address the merits of the Motion for Partial Summary Judgment in the future, but at this time, the Court finds that the interests of justice weigh in favor of deciding the Motion to Stay Discovery.

Defendants contend that, if they have to continue with discovery at this time and comply with Plaintiffs' request for discovery back to February 8, 2013, Defendants (and Plaintiffs) will unnecessarily expend significant time and expense related to the putative class members. Defendants state that the number of putative class members is not presently known, though Plaintiffs have alleged that the number would be in the tens of thousands. Compounding the sheer number of potential class members, Defendants argue, is the fact that Defendants cannot simply click a button or run a program that will identify putative class members and relevant claims.

Case 2:23-cv-10808-JJCG-DRG ECF No. 14-4, PageID.356 Filed 11/21/23 Page 5 of 6

Moore v. Auto Club Services, Not Reported in Fed. Supp. (2022)

**\*2** Defendant maintains that it will have to manually review "the electronic databases and read text entries for each potential claimant[,] ... a laborious and extremely expensive process.... Requiring Defendants to manually review tens of thousands of files to ascertain payments for time-barred claims is not proportional to the needs of the case and not within the scope of discovery under Fed. R. Civ. Proc. 26(b)(1)." ECF No. 61, PageID.695-96. Defendants assert that, if the Court grants the Motion for Partial Summary Judgment, all claims that arose prior to February 8, 2018 will be time-barred. In that event, but if discovery continues, Defendants states that it will have to incur the time and expense of ascertaining five years' worth of discovery that is not relevant or within the scope of the unjust enrichment claim.

Plaintiffs argue that Defendants' Motion to Stay Discovery does nothing more than suggest why the Motion for Partial Summary Judgment should be granted but does not articulate any legal support for staying the matter. Plaintiffs assert that Defendants have not made out a clear case of hardship or inequity in being required to go forward, and there is a fair possibility that the stay will harm Plaintiffs. *Landis*, 299 U.S. at 255, 57 S.Ct. 163. Plaintiffs state that a potentially partially dispositive motion alone is not sufficient, particularly where there has been a previous Rule 12(b)(6) motion (in this case, there have been two and a motion for reconsideration). Citing *Peterson v. Johnson*, 2022 WL 4151370 (S.D. Ohio 2022). The Court notes, however, that Plaintiffs erroneously suggest that the motion for reconsideration was "on the *very issue* that Defendants raise in their Partial Summary Judgment Motion." The only mention of unjust enrichment in the motion for reconsideration was to identify "Count III" as "Unjust Enrichment." ECF No. 43, PageID.408. Plaintiffs have had to wait appproximately three years for any discovery.

The criteria for a motion to stay recently was set forth in *Brown v. PSCU, Inc.*, No. 20-11510, 2020 WL 7122075, at \*1 (E.D. Mich. Dec. 4, 2020):

> When analyzing a Motion to Stay, courts must consider three factors: "(1) whether a stay will simplify the issues in the case or conserve judicial resources; (2) whether a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party; and (3) whether discovery is complete and when (or whether) a trial date has been set." *Dura Global Techs., LLC v. Magna Int'l Inc.*, 2011 WL 5039883, at \*6, 2011 U.S. Dist. LEXIS 122679, at \*15 (E.D. Mich. Oct. 24, 2011).

Plaintiffs state that a motion to stay discovery requires that the court assess the context, and conduct a cost-benefit analysis, of the stay on the parties and court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (holding that deciding a motion to stay proceedings "[c]alls for the exercise of judgment, which must weigh competing interests and maintain an even balance"); *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763, 51 S.Ct. 304, 75 L.Ed. 684 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382, 55 S.Ct. 310, 79 L.Ed. 440 (1935).

Plaintiffs argue that the motion for partial summary judgment will be denied, so a stay is unnecessary because nothing will change upon the Court's consideration of the motion for partial summary judgment. They further argue that, even if the motion for partial summary judgment is granted, the unjust enrichment claim will remain. Plaintiffs therefore suggest that denying the motion to stay discovery and continuing with discovery will allow the parties to stay on schedule, conduct discovery, and complete motion practice and go to trial on time. Plaintiffs assert that any discovery as to excluded class members can simply be excluded.

Plaintiffs contend that, if there is a stay of discovery, in a best-case scenario, the parties will lose at least 2 ½ months of discovery, the same witnesses will have to be deposed no matter what, the same issues remain as to discovery disputes, all class certification issues remain open, and the unjust enrichment claim remains. Plaintiffs argues that, even if the Motion for Partial Summary Judgment is granted, Plaintiffs will be able to conduct discovery for periods before February 8, 2018. Plaintiffs assert that relevant material will exist for periods prior to February 8, 2018, that there are materials which will tend to lead to admissible evidence, as "relevance should be broadly and liberally construed," and not tied to the statute of limitations period. *Conti v. American Axle & Mfg.*, 2006 WL 3500632 (E.D. Mich. 2006) (citation omitted) (pre-statute of limitations period discovery allowed as "admissible for purposes of showing a pattern of discrimination). *See also* F.R.Civ.P. 26(b); *Consumer Fin. Prot. Bur. v. Borders and Borders*, 2015 WL 11675669 (W.D. Ky. 2015) (where there is an alleged "pre-existing, continuing course of illegal conduct that extends well into the statute of limitations period," the statute of limitations is not the relevant time frame – this is a continuing violation theory). Plaintiffs have alleged that Defendants have engaged in a long-term campaign of misconduct, so Plaintiffs believe that the Court should reject Defendants' statute of limitations period objection.

Case 2:23-cv-10808-JJCG-DRG   ECF No. 14-4, PageID.357   Filed 11/21/23   Page 6 of 6

Moore v. Auto Club Services, Not Reported in Fed. Supp. (2022)

**\*3**  Plaintiffs further claim that, if the Court stays discovery and denies the motion for partial summary judgment, they will be prejudiced. Plaintiffs believe the case would come to a halt for at least 2½ months (to the benefit of no party or the Court), a new scheduling order would need to be issued, and the parties would need to start this four-year old case over. Plaintiffs contend this delay will prejudice Plaintiffs due to lost evidence, faded memories, and unavailable/deceased witnesses, as well as delayed justice to Plaintiffs and class members.

The Court is not persuaded by Plaintiffs' arguments. This case has been delayed for a period of time already, and it is approximately three years old. Although the case does need to move forward, the Court does not find that an additional two-month delay will unfairly prejudice Plaintiffs. It is very unlikely that any evidence will be lost during that time or that memories will change much during that time. Although it is possible that a witness may become deceased or unavailable in that two months, it is also possible that unavailable witnesses now may become available in the future.

The Court believes that resolution of Defendants' summary judgment motion will clarify, if not simplify, the issues before the Court. If Defendants are correct, the scope of discovery and factfinding will be greatly reduced. Even if Defendants are not correct, it will guide the parties' discovery efforts and reduce the number of discovery issues. At a minimum, the Court's determination of the Motion for Partial Summary Judgment will resolve an issue that would necessarily have to be addressed with respect to discovery anyway.

For the above reasons, the Court concludes that a stay of discovery pending the resolution of the motion for summary judgment is warranted.

### IV. CONCLUSION
Accordingly,

IT IS ORDERED that Defendants' Motion to Stay Discovery [ECF No. 61] is GRANTED.

**All Citations**

Not Reported in Fed. Supp., 2022 WL 16536216

---

End of Document © 2023 Thomson Reuters. No claim to original U.S. Government Works.