# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EMILY BARR, CAROLYN EARL,
RITA HANNA, MICHAEL WEBSTER,      Case No. 23-cv-10808

         Plaintiffs,     Hon. Jonathan J.C. Grey

v.     Magistrate Judge David R. Grand

COREWELL HEALTH D/B/A
BEAUMONT HEALTH,

         Defendant.

_____

**Defendant's Reply Brief in Support of
Motion for Judgment on the Pleadings**

Plaintiffs' response brief avoids the mountain of authority rejecting the *precise* sort of vaccine accommodation and disparate treatment claims that Plaintiffs advance here. Instead, they offer a hodgepodge of meritless procedural complaints and strawman arguments. This is best exemplified by Plaintiffs' heavy reliance on an EEOC *amicus brief* in a Minnesota case in which the plaintiffs lost. Plaintiffs fail to advise the Court that the EEOC supported only two of the plaintiffs in that case on a narrow issue, but *declined* to support a third plaintiff whose sole allegation, as here, boiled down to "God told me not to take this vaccine." This case is indistinguishable from those Corewell cites, and the Court should dismiss it.[1]

### I. Plaintiffs' accommodation claims fail as a matter of law—something *confirmed* by the very EEOC amicus brief their argument relies on.

Corewell's opening brief cited a half-dozen cases, all related to COVID-19 vaccination exemptions, which rejected purportedly "religious" accommodation requests of the sort raised here: that "God told me not to take the vaccine" or that "my body is a temple and I may choose what I put in it." PageID.99-100.[2] Rather

---

[1] The Court should disregard Plaintiffs' perfunctory argument that Corewell improperly "converted its pleading into a Rule 56 motion for summary judgment." ECF No. 16, PageID.370. As Corewell argued, the motion-to-dismiss record includes not only the complaint, but also documents referenced in the pleadings that are central to plaintiff's claims. *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023). Plaintiffs neither dispute this law, nor claim that the vaccination policy and accommodation requests are not "central" to their claims as pled.

[2] Days ago, Judge Borman dismissed yet another "body is a temple" / "God told me" type case brought by Plaintiffs' counsel against a different employer. *Sturgill v. The Am. Red Cross*, 2023 WL 8701293, at *7 (E.D. Mich. Dec. 15, 2023) (Ex. A).

than distinguishing that authority legally or factually, Plaintiffs cite (1) an EEOC amicus brief filed in a different case; and (2) cases addressing a distinct, irrelevant concept regarding implausible beliefs. Neither saves Plaintiffs' claims.

### A. The EEOC's amicus brief in *Ringhofer v. Mayo Clinic* confirms that Plaintiffs did not assert "religious" accommodation claims.

Rather than factually distinguish their claims from those in the half-dozen cases rejecting "body is a temple" or "God said no" arguments, Plaintiffs merely cite to—but do not attach a copy of—an EEOC amicus brief filed in an appeal of *Kiel v. Mayo Clinic,* 2023 WL 5000255 (D. Minn. Aug. 4, 2023), claiming this "reflects the latest and most up-to-date agency policy." PageID.384-385. Putting aside that the EEOC's brief is neither binding authority nor entitled to deference, *see EEOC v. SunDance Rehab. Corp.*, 466 F.3d 490, 500 (6th Cir. 2006), Plaintiffs misstate the facts of the case and the EEOC's reasoning—reasoning that *supports* dismissal here.

In *Kiel*, employees Kiel and Ringhofer stated *two* purportedly religious beliefs supporting their anti-vaccination accommodation request: (1) "my body is a temple" and (2) COVID-19 vaccines use fetal cells. 2023 WL 5000255, at *7-8 (Kiel); *9-10 (Ringhofer). A third, Rubin, demanded an exemption from COVID testing stating her "body is a temple" and that God will tell her whether to test. *Id.* at *9-10.

The trial court dismissed all three claims. As to the "my body is a temple that should not be mistreated" claim, the Court held that whether *this* belief was religious was not the relevant question. Rather, the "question is whether the employees' belief

-2-

that the vaccine qualifies as a mistreatment is itself based on religion." *Id.* at *8. Because the plaintiffs did not allege that their religion forbade vaccination *per se*, their mere assertion of a religiously-derived right to choose whether to vaccinate meant that personal choice—not a religious tenet—motivated the request. *Id.* at *8-10. The court then rejected the abortion claims because Kiel and Ringhofer did not plead enough facts to tie their opposition to abortion to religious belief. *Id.* at *8-9.

Although all three plaintiffs appealed the dismissal, the EEOC only filed an amicus brief on behalf of Kiel and Ringhofer. *See* Ex. B, Amicus Brief. In that brief, the EEOC agreed that a plaintiff must plead facts pled giving rise to a plausible inference that its accommodation request was based on "some specific religious tenet or principle," and that personal preferences do not count. *Id.* at 14, 18. It thus reasoned that a person whose religion prohibited working after sundown on Fridays did not mean that a desire to prepare for religious observances *before* sundown the same day was itself religious. *Id.* But contrary to what Plaintiffs now argue, the EEOC did *not* say "body is a temple" style assertions are enough to state a claim.

Instead, the EEOC argued only that Kiel and Ringhofer pled enough facts tying their anti-abortion opposition to their religious beliefs, and that the "body is a temple" assertions merely "*help* Kiel and Ringhofer satisfy" that burden. *Id.* at 20-25. In other words, the EEOC felt that Kiel and Ringhofer sufficiently pled that their *religion* deemed the vaccine impure due to the use of fetal cells. But the EEOC did

-3-

*not* say that bare "body is a temple" assertions are alone sufficient, something underscored by the EEOC's decision *not* to file a brief seeking reversal of the trial court's ruling on Rubin's bare "body is a temple" / "God told me" style claim.

Nothing in the EEOC's brief should thus persuade this Court to disregard the opinions of Judge Friedman, Judge Borman, the *Kiel* court, and other courts dismissing claims identical to the ones here. Earl, Hanna, and Webster all assert *only* "body is a temple" or "God told me not to" style claims, which are insufficient to plead specific religious *tenets* precluding vaccination. PageID.100-102. And Barr does not dispute that she pled herself out of an argument that her religious beliefs *forbid* taking the vaccine due to abortion concerns. Instead, citing medical concerns, she said she would not take the vaccine "any time soon," thus confirming that it was not a religious tenet causing a conflict with Corewell policy.[3] PageID.102-104.

### B. Plaintiffs' arguments on the "plausibility" of beliefs misses the point.

Plaintiff's other argument on accommodation relies on authority holding that a belief may be "religious" even if it is implausible, internally inconsistent, or unfamiliar. ECF No. 16, PageID.381-383. That is not the issue raised here. These authorities involve issues such as a Christian's belief, contrary to mainstream

---

[3] Plaintiffs, notably, argues that Barr's claim *is* distinct, and presumably stronger, than the other three because of this abortion component. PageID.389-390. This concession makes it even more inexcusable for Barr to have failed to file an EEOC charge; there is no basis to believe that conciliation would have been futile given the authority offering somewhat more latitude to abortion-related claims. PageID.106.

dogma, that social security numbers are the "Mark of the Beast." *Callahan v. Woods*, 658 F.2d 679, 686 (9th Cir. 1991). These cases effectively hold that beliefs that *are* religious cannot be rejected based on their content—a distinct question from whether Plaintiffs have stated religious beliefs at all. *See Lucky v. Landmark Med. of Michigan, P.C.*, 2023 WL 7095085, at *7 (E.D. Mich. Oct. 26, 2023) (rejecting the same argument by Plaintiff's counsel in a different case) (PageID.236-242.)

This is a material distinction. Under this authority, for instance, a Catholic's religious belief that they must reject *all* medication—including vaccines—would not cease to be religious because the Catholic Church does not forbid medicine generally or vaccination specifically. But an employee who merely alleges a belief that their body is sacred and nothing more "fails to provide allegations from which it can reasonably be inferred… that her religion has a specific tenet or principle that does not permit her to be vaccinated." *Lucky* at *7. That is all Plaintiffs did here. None of them asserted a religious tenet forbidding vaccination; rather, each asserted an idiosyncratic opposition to *this* vaccine. PageID.100-104. They do not state claims.

## II. The disparate treatment claims fail as a matter of law.

Plaintiffs now concede that—as Corewell argued—their "disparate treatment" claims are just reworded accommodation claims, with their "protected" category being merely what they wrote in their accommodation requests. PageID.391-394. They do not dispute that, as pled, the "discrimination" was termination for failure to

-5-

comply with a facially-neutral policy. *See* PageID.109. And they admit they've pled no facts to suggest Corewell treated them differently than anyone else who did not get an exemption; rather, they claim they "need discovery" to obtain such facts and demand a right to "investigate." PageID.392, 393. These concessions are fatal.

*First*, Plaintiffs' admission that they cannot state claims without discovery should by itself require dismissal. The "plausibility" pleading standard requires the allegation of facts supporting a claim *before* a plaintiff can demand discovery; a "plaintiff may not use the discovery process to obtain these facts after filing suit." *Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

*Second*, Plaintiffs' disparate-treatment claims fail for the same reason their accommodation claims do.[4] *See Sturgill*, *supra*, 2023 WL 8701293, at *11 (holding that disparate-treatment claim that restated the accommodation claim failed for same reasons.) As discussed, the purported beliefs that led to the denial of accommodation were not religious; Plaintiffs thus have not stated a religious discrimination claim.

*Third*, Plaintiffs fail to refute the reasoning of *DiFranco*, *Van Gorp*, and *Collias*, among others. All reject the notion that a plaintiff who pleads termination under a generally-applicable policy from which they *sought* disparate treatment in

---

[4]Indeed, given that Title VII protects against broad categories—*e.g.,* race, sex, religion—it "makes little sense to allow a plaintiff to narrowly define his protected class… based on one specific belief related to their religious faith." *Coral Ridge Ministries Media, Inc. v. Amazon.com, Inc.*, 406 F. Supp. 3d 1258, 1306 n. 36 (M.D. Ala. 2019), *aff'd,* 6 F.4th 1247 (11th Cir. 2021).

the form of accommodation cannot turn around and claim the same facts reflect discriminatory disparate treatment. PageID.107-108. As Judge Borman recognized only days ago in rejecting the same argument by Plaintiffs' counsel, failure-to-accommodate claims are a "sub-species of disparate treatment" and "it would be superfluous if the same facts supported liability under Title VII for both failure to accommodate and disparate treatment." *Sturgill*, 2023 WL 8701293, at *10. Instead, Plaintiffs merely claim that *DiFranco* and *Van Gorp* should be disregarded because they involve repackaged disability accommodation claims, without explaining what difference that makes (particularly since *Collias* and the newly-issued *Sturgill* case both apply the logic used in these ADA cases to religion claims).[5] Plaintiffs have not pled a plausible claim of disparate-treatment religious discrimination.

Respectfully submitted,

By: /s/Thomas J. Davis
    Thomas J. Davis (P78626)
Kienbaum Hardy Viviano Pelton & Forrest PLC
280 N. Old Woodward Ave., Ste. 400
Birmingham, Michigan 48009
(248) 645-0000

Dated:  December 21, 2023    tdavis@khvpf.com

---

[5] Plaintiffs also cite *Brown v. MGM Grand Casino*, 2023 WL 5489023 (E.D Mich. Aug 24, 2023) to support their claims. But *Brown* had two elements absent here: (1) the employer denied accommodation due to a purported *undue hardship*, and (2) the plaintiff pled facts that the employer's purported hardship was pretextual. *Id.* at *1, *4. In other words—unlike here—the *Brown* plaintiff did *not* claim they were fired due to the terms of a neutral, generally-applicable policy; rather, they said they were fired because the employer falsely stated that a hardship precluded accommodation.

-7-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 21, 2023, I electronically filed the above document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                        */s/ Thomas J. Davis*
                                        Thomas J. Davis (P78626)
                                        Kienbaum Hardy
                                          Viviano Pelton & Forrest, PLC
                                        280 N. Old Woodward Ave., Suite 400
                                        Birmingham, MI  48009
                                        (248) 645-0000
                                        tdavis@khvpf.com

5004426